IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tron E. Anderson, #291701,       )
                                 )
        Petitioner,               )
                                 )   Civil Action No. 8:08-2260-SB
v.                               )
                                 )   **ORDER**
Warden McKither Bodison,          )
                                 )
        Respondent.               )
_____)

This matter is before the Court on the *pro se* Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), this matter was referred to a United States Magistrate Judge for preliminary review.

On October 22, 2008, the Respondent filed a motion for summary judgment, and on October 23, 2008, the Magistrate Judge issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of his failure to adequately respond to the motion.

On November 26, 2008, the Petitioner filed a motion for an extension of time to respond to the motion for summary judgment, and in an order dated December 1, 2008, the Petitioner was given additional time to respond. Despite this extension, the Petitioner failed to respond to the motion. Because the Petitioner is proceeding *pro se*, however, the Magistrate Judge issued a second order on January 7, 2009, giving the Petitioner until January 30, 2009, to file his response to the motion for summary judgment. The order specifically advised the Petitioner that a failure to respond would result in his case being dismissed for failure to prosecute. Despite this warning, the Petitioner did not respond.

Therefore, on February 4, 2009, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that this action be dismissed with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Attached to the Magistrate Judge's R&R was a notice advising the Petitioner that he may file specific, written objections to the R&R within ten days after being served with a copy. On February 9, 2009, the Petitioner filed a motion to extend his time to file objections. In an order filed February 10, 2009, the Court granted the Petitioner until March 16, 2009, to file his objections to the R&R. To date, no objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because no objections have been filed, the Court need not conduct a *de novo* review of any portions of the R&R. Accordingly, the Court hereby adopts the Magistrate Judge's R&R as the Order of this Court, and it is

**ORDERED** that the Petitioner's § 2254 petition is dismissed with prejudice for failure to prosecute and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 30, 2009
Charleston, South Carolina